THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
WILLIAM GORISEK, Defendant-Appellant.

Third District   No. 3—88—0084

Opinion filed October 19, 1988.

Thomas A. Lilien, of State Appellate Defender's Office, of Ottawa, for appellant.

Gary L. Peterlin, State's Attorney, of Ottawa (William L. Browers and Cynthia N. Schneider, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

The defendant, William Gorisek, appeals from his conviction for indirect criminal contempt. Gorisek had served over one year of his six years' imprisonment sentence for unlawful delivery of cocaine when he was taken to La Salle County on August 31, 1987, to testify before a grand jury. Prior to being brought before the grand jury, Gorisek was questioned about his anticipated testimony by two State's attorneys. The attorneys did not read Gorisek his rights, and an attor-

ney was not present to represent Gorisek. The attorneys asked Gorisek for the names of persons with whom he had been involved in the use and/or sale of drugs. When Gorisek refused to answer, the attorneys told him that he was not the subject of the grand jury investigation and that he had to testify truthfully. Gorisek then gave the names of Tom Ebener, Diane Catteneo, Sharon Kellerman and a person named Johnson. The State's attorneys already knew these persons, some of whom had given information against Gorisek.

As the attorneys persisted in their questioning, Gorisek refused to answer further. Finally, Gorisek told the attorneys that he knew that there were drug users but that he did not want to get them in trouble. When the attorneys asked Gorisek how he would testify to the grand jury, Gorisek said that he was not going to remember the names of the drug users. The attorneys then threatened Gorisek with perjury or contempt charges if he so testified.

Gorisek was taken before the grand jury which had been conducting an ongoing investigation. Gorisek was told that a judge would be present. In fact, a judge was not at the proceeding. Gorisek was not read his rights before testifying, nor was an attorney present to represent him. Gorisek gave the names of persons whom he knew to be involved with drugs. In addition to the names he gave to the attorneys immediately before he testified, Gorisek divulged the names of Bob Luba, John Faletti, and the names of two people, Tiko and Nancy, from whom he had purchased three ounces of cocaine in Florida. Not all of the persons whom he named had been prosecuted for drug offenses. When asked for other names, Gorisek said that he could not remember. He stated that he was withdrawn from the correctional center at 3 a.m. and did not know the purpose for which he would be testifying. Gorisek indicated that his recollection might be refreshed as to some names if he could review his personal address book which he kept at the prison.

On September 1, 1987, the State's attorney filed an information charging Gorisek with indirect criminal contempt before the grand jury. The charge alleged that Gorisek knowingly refused to answer questions about the names of persons whom Gorisek knew to be involved in the use or sale of drugs.

Gorisek was tried before a jury on December 1, 1987. A transcript of the grand jury proceedings was introduced as evidence against Gorisek. The trial court had earlier denied Gorisek's motion to suppress the transcript on the grounds that Gorisek did not receive his rights before testifying. Also introduced as evidence against Gorisek was the testimony of a La Salle County investigator, who stated that

his authorized search of Gorisek's belongings did not reveal a personal address book.

Gorisek testified on his own behalf. As to the address book, Gorisek indicated that he had stored the book in his nightstand which he gave to a fellow inmate prior to his leaving to testify before the grand jury. Upon his return to the correctional center, Gorisek discovered that his nightstand and its contents had been confiscated and that the address book was gone. Gorisek reiterated that he could not remember the names of any drug users at the grand jury proceeding because he had been tired, afraid and confused. He stated that he had sold drugs to only 10 or 12 people, admitted that he sold drugs to two people in Florida, one of whom is Bob Betts, and stated that he was not acquainted with too many others.

The jury convicted Gorisek, and he was subsequently sentenced to a term of six months' imprisonment consecutive to his present six-year term. Following his sentencing hearing and the denial of his motion for reconsideration, Gorisek filed this appeal.

■ Criminal contempt is described as conduct that is calculated to embarrass, hinder or obstruct the court in its administration of justice or to derogate from the court's authority or dignity. (*People v. Siegel* (1983), 94 Ill. 2d 167, 171, 445 N.E.2d 762, 764.) Indirect criminal contempt occurs outside the presence of the court and must be established by extrinsic evidence. (*People v. Wolf* (1987), 162 Ill. App. 3d 57, 59, 514 N.E.2d 1218, 1219.) Guilt in criminal contempt proceedings must be proven beyond a reasonable doubt. (*O'Leary v. Allphin* (1976), 64 Ill. 2d 500, 512, 356 N.E.2d 551, 557.) Thus, the dispositive issue presented by this case is whether the evidence establishes beyond a reasonable doubt that Gorisek's failure to divulge the names of additional drug users and/or sellers was conduct calculated to embarrass or otherwise obstruct the court in its administration of justice. In our view, it does not.

■ Lacking from this indirect criminal contempt prosecution is any evidence of the names which Gorisek is alleged to have deliberately refused to divulge. The State argues that it is "absurd" for it to prove specifically the facts to which the defendant refused to testify. However, the nature of the State's case against Gorisek, we think, requires such proof. See *People v. Gilliam* (1967), 83 Ill. App. 2d 251, 227 N.E.2d 96.

In *Gilliam* the appellate court affirmed the indirect criminal contempt conviction of the defendant, Perschall, for his failure to divulge information. In response to nearly 30 questions at the trial of Perschall's codefendant, Perschall responded that he did not know or re-

member. The court considered Perschall's claimed lack of memory incredible in view of the fact that he had earlier given a detailed, written confession about the occurrence and had testified about his confession at a suppression hearing.

Unlike *Gilliam*, in this case the defendant has given neither a confession, testimony nor factual admission which shows that he knew the facts which he allegedly refused to divulge before the grand jury. Gorisek's failure to divulge additional names is explained by either his lack of knowledge or his lack of memory due to lapse of time or insignificance of acquaintance. In the absence of any evidence that he in fact had adequate knowledge or recall of the names of other drug users and/or sellers, we hold that it was error to convict Gorisek for his failure to divulge such names.

The defendant has raised other errors, but we deem it unnecessary to address them in view of our decision. Accordingly, we reverse the decision of the circuit court of the Thirteenth Judicial Circuit, La Salle County, convicting Gorisek for indirect criminal contempt.

Reversed.

SCOTT and WOMBACHER, JJ., concur.