THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
SCOTT BONNEY, Defendant-Appellant.

Second District   Nos. 2—91—1449, 2—91—1450 cons.

Opinion filed November 10, 1993.—Modified opinion filed
December 15, 1993.

G. Joseph Weller, of State Appellate Defender's Office, and Anne S.
Quincy, both of Elgin, for appellant.

Michael J. Waller, State's Attorney, of Waukegan, and Brian L. Buzard, of Mt. Morris (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GEIGER delivered the opinion of the court:

The defendant, Scott Bonney, appeals from a circuit court order revoking his probation and from an order finding the defendant guilty of indirect criminal contempt. On appeal, the defendant contends that: (1) the trial court erred in determining that he violated the terms of his probation and (2) the trial court incorrectly applied the standard of proof, "by a preponderance of the evidence," in determining that the defendant was guilty of indirect criminal contempt.

The defendant entered a negotiated plea of guilty to perjury (Ill. Rev. Stat. 1991, ch. 95½, par. 6—302(a)(1) (now 625 ILCS 5/6—302(a)(1) (West 1992))), driving while license revoked (Ill. Rev. Stat. 1991, ch. 95½, par. 6—303(a) (now 625 ILCS 5/6—303(a) (West 1992))), and driving under the influence of alcohol (Ill. Rev. Stat. 1991, ch. 95½, par. 11—501(a)(2) (now 625 ILCS 5/11—501(a)(2) (West 1992))). In exchange, the State nol-prossed several charges and agreed to request a term of imprisonment of no more than three years. The trial court accepted the plea and sentenced the defendant to 9 months' periodic imprisonment and concurrent terms of 24 months' of probation for each felony offense and 12 months' probation for the driving under the influence of alcohol conviction. As conditions of probation, the defendant was to undergo counseling and alcohol treatment as recommended by the probation department, follow all rules of the treatment and testing, and satisfactorily complete the program.

On November 14, 1991, the State filed a petition to revoke the defendant's probation. The petition alleged that the defendant had violated the conditions of his probation by: (1) driving while his license was revoked, (2) appearing in court while intoxicated, and (3) failing to contact the Lake County Mental Health facility to begin a dual diagnosis group program. At the revocation proceeding, the State elected not to pursue the allegation that the defendant drove while his license was revoked.

Terry Evans, a Lake County probation officer, testified that she was assigned to the defendant in July 1991 and she visited the defendant in jail to advise him of the conditions of his probation. Evans gave the defendant the telephone number for Michael Falk,

director of MEESA, a program for people with mental health and substance abuse problems. Evans told the defendant to contact Falk. Evans saw the defendant on July 31, 1991, when the defendant came to her office for a regular visit. At that time, the defendant admitted that he had not contacted the Lake County Mental Health facility or Falk. Evans told the defendant that he must contact Falk by August 15, 1991, or she would send a notice informing the State that the defendant had violated his probation.

On August 16, 1991, the defendant appeared in Judge Homer's courtroom for a status date. According to Evans, who accompanied the defendant, the defendant was under the influence of alcohol. Evans based her conclusion on the fact that the defendant smelled of alcohol, spoke very quickly and was very agitated. The judge told the defendant to stop speaking, but the defendant did not. The judge told the defendant never to return to his courtroom in "this condition." The defendant refused to take a breathalyzer test or a blood test. Either that day or the next, Evans sent a note to the State asking that it petition to revoke the defendant's probation. On August 19, 1991, Evans called Falk to ask if the defendant had contacted him. Falk told her that the defendant had not contacted him.

The defendant telephoned Evans on September 10, 1991, and October 10, 1991, and told her that he was unable to reach anyone at the mental health facility, but even if he did reach someone, he had no transportation to get to the facility.

Falk, MEESA program coordinator for Lake County Mental Health, testified that MEESA is a community case management program for people who suffer from chronic mental illness and substance abuse. Through MEESA, a manager helps clients to get in touch with social service programs appropriate to their needs.

The defendant first contacted Falk on October 17, 1991. The defendant telephoned Falk and stated that he had to get into the MEESA program, but that he was unable to participate. Falk found the conversation rambling and confusing. Falk telephoned the defendant's probation officer, Evans, and asked for clarification. Falk explained that there was a waiting list to begin the program, but Evans told him not to put the defendant's name on the list because a warrant had issued for his arrest.

The defendant testified that he contacted the Lake County Mental Health facility on numerous occasions, but was unable to get in touch with Falk because Falk was often out or in a meeting. He estimated that he tried to contact Falk one dozen times in July 1991.

The defendant admitted that he had a couple of beers before one of his court appearances, but he did not know if he was under the influence of alcohol.

The trial court noted that the order of probation did not indicate that the defendant was not to consume any alcoholic beverages. The court then found the defendant to be in indirect contempt of the court for his appearance in court before Judge Homer while under the influence of alcohol. The court further found the defendant to have violated a condition of his probation by not contacting Falk at the Lake County Mental Health facility. The court sentenced the defendant to a term of 30 months' imprisonment for the offenses for which his probation had been revoked and to a concurrent term of six months' imprisonment for contempt.

■■ The defendant first contends that the trial court erred in finding that he violated the condition of his probation which required him to contact the Lake County Mental Health facility. He argues that the evidence shows that he made a good-faith effort to comply, but his affect disorder made compliance difficult without aid. The defendant argues that he eventually did contact Falk, but that his probation officer thwarted his efforts by denying him the chance to be evaluated for acceptance into the MEESA program.

In a revocation hearing, the State need only establish a violation of the conditions of probation by a preponderance of the evidence. Absent a clear showing that the decision to terminate was against the manifest weight of the evidence, that determination should not be overturned. (*People v. Salamon* (1984), 126 Ill. App. 3d 1066, 1070.) In this case, the defendant was to undergo counseling and treatment for alcohol abuse as directed by his probation officer. His probation officer gave the defendant the telephone number of Falk at the Lake County Mental Health facility, and she told him to make contact by August 15, 1991, or she would send a note to the State to start revocation proceedings.

The defendant offered excuses for his failure to contact Falk, and he stated that he had called Falk on numerous occasions in July 1991. On the other hand, his probation officer testified that the defendant did not tell her that he was having difficulty reaching Falk until September 10, 1991. The trial court was in a superior position to weigh the evidence and to judge the credibility of the witness and was entitled to draw reasonable inferences and reach conclusions therefrom. A reviewing court may not disturb the trial court's finding merely because it might have reached a different

conclusion had it been the trier of fact. *People v. Cooper* (1977), 66 Ill. 2d 509, 514.

We reject the defendant's attempt to excuse this noncompliance by implying that because of his alcohol problems and major affect disorder it was essential that he receive assistance to comply with the probation conditions. The facts in the instant case are similar to those in *People v. Moaton* (1989), 182 Ill. App. 3d 161, where the defendant failed to meet with his probation officer as required under the terms of his probation. In *Moaton*, the defendant argued on appeal that his probation officer failed to assist him in resolving his problem of lack of ability to pay for transportation to the meetings. The appellate court rejected this argument because the defendant did not show that he diligently attempted to comply, did not show that his probation officer actually thwarted his efforts to comply, and only reported difficulty when his probation officer telephoned him. (*Moaton*, 182 Ill. App. 3d at 165.) Similarly, in the instant case, the defendant did not show that he diligently tried to comply by telephoning Falk, did not show that the probation officer actually thwarted his efforts, and only reported difficulty after the time for compliance was past. Evans' instruction to Falk not to put the defendant's name on the waiting list did not thwart the defendant's attempt to comply as the time for compliance had already passed and a warrant had issued for the defendant's arrest. We hold that the trial court's finding that the defendant violated a condition of his probation is not against the manifest weight of the evidence.

■ Next, the defendant contends that the trial court erred in finding him in indirect contempt of court for appearing in Judge Homer's courtroom while under the influence of alcohol. In our initial decision in this cause, we found that we lacked jurisdiction on this issue, and we declined to address its merits. Thereafter, the defendant filed a motion to supplement the record on appeal, together with a petition for rehearing of our finding of no jurisdiction. We hereby grant the defendant's motion to supplement, deny his motion for rehearing, but modify the opinion pursuant to the defendant's demonstration that the jurisdictional notice of appeal was properly filed in the trial court. See 134 Ill. 2d R. 606; *Waste Management, Inc. v. International Surplus Lines Insurance Co.* (1991), 144 Ill. 2d 178, 188.

On the merits, the defendant argues that the court's contempt finding and its sentence thereupon must be reversed because the court did not use the appropriate "beyond a reasonable doubt" standard of proof (see *People v. Gorisek* (1988), 176 Ill. App. 3d

266, 268), but improperly relied upon the lesser standard of "preponderance of the evidence." He relies upon the court's comments in open court:

"I'll find him in contempt as to paragraph two [of the petition to revoke, wherein the State alleged that the defendant had appeared in court while intoxicated] and find that the State has met their burden by a preponderance of the evidence.

As to paragraph three [of the petition to revoke, wherein the State alleged that the defendant failed to contact Lake County Mental health to begin the dual diagnosis group], I don't feel his efforts were in good faith. *** I'll find that the State has met their burden as to Count III. I'll find him in contempt as to Count II."

The State agrees that the law requires that contempt in this case be proved beyond a reasonable doubt. It argues alternatively, however, (1) that the record includes ample evidence to support the contempt finding beyond a reasonable doubt; or (2) that the record does not indicate that the court based its contempt finding upon a "preponderance" standard.

We initially find no basis for the State's latter claim. The court's comments precisely at the time of its finding contempt clearly refer to the "preponderance of the evidence" standard. They make no reference to the applicable "reasonable doubt" standard, and we find no basis for concluding that the court used that proper standard. As to the State's former alternative argument, we note that the State has presented no authority for its claim that the contempt judgment should be affirmed despite the court's reliance on an improper standard of proof. We do not find that the record supports affirmance.

For the reasons stated above, the judgment of the circuit court of Lake County revoking the defendant's probation is affirmed; the court's judgment of contempt is reversed.

Affirmed in part; reversed in part.

DOYLE and QUETSCH, JJ., concur.